## N. Y. COMMON PLEAS.

### JULIA C. MURRAY agt. JOHN R. WALLER.

Chapter 345 of the laws of 1860, authorizes the lessee or occupant of any building which shall, without any fault or neglect on his part, be destroyed or so injured from any cause as to be untenantable or unfit for occupation, to *remove* therefrom, and relieves him from the payment of rent after the happening of that contingency, unless he shall have otherwise expressly stipulated in writing.

If the premises were unfit for occupation before the tenant moved in, or if they became so after he removed out, in either case he is equally without this act.

Where the court below find upon conflicting evidence, that the cessation of injuries to the premises was not a condition precedent to the existence of the relation of landlord and tenant, that finding is conclusive, and will not be disturbed on appeal.

If the landlord promised the tenant that there would be no further injury to the premises after the tenant took possession, it amounted to a simple contract or covenant, for a breach of which, the landlord would be liable to him in damages.

*General Term, December,* 1870.

*Before* DALY, *Ch. J.,* LOEW, *and* LARREMORE, *JJ.*

APPEAL from a judgment of the marine court.

The defendant hired from the plaintiff, certain premises known as No. 140 West 45th Street, in the city of New York, from the 14th day of September, 1868, to the 1st day of May, 1869, at the yearly rent of $1,800, payable monthly.

It seems that the defendant moved his furniture into and took possession of the house in question, about the middle of September, 1868, but as there was blasting going on, on the adjoining lot, he, on the following day, caused the furniture to be removed again, and sent the keys to the attorney of the landlord.

The latter refused to receive them, and sent them back to the defendant, but finally, about two months, or more, thereafter, he accepted them.

This action was brought to recover the sum of $300, for two months rent, and the further sum of $40, for some carpets claimed to have been sold and delivered to the defendant.

The plaintiff obtained judgment for the full amount of his claim in the court below, which judgment was on appeal, affirmed by the general term of that court.

The defendant appealed to this Court.

LARNED and WARREN, *for defendant, and appellant.*
CHAS. MATTHEWS and WM. H. RYAN, *for plaintiff and respondent.*

*By the court,* LOEW, J.—The act of 1860 (*Laws of* 1860, *chap,* 345), authorizes the lessee or occupant of any building which shall, without any fault or neglect on his part, be destroyed, or so injured from any cause as to be untenantable, or unfit for occupation, to remove therefrom, and relieves him from the payment of rent after the happening of that contingency, unless he shall have otherwise expressly stipulated in writing.

If, therefore, during the defendant's occupancy of the premises in question, they had become unfit for occupation, by reason of the blasting of rock on the adjoining lot, he might, doubtless, have availed himself of the privileges and benefits conferred on tenants by that statute.

It is true, the house was considerably damaged by the blasting, but there is no evidence on the case going to show, that the premises, were in anywise materially injured during the brief space of time that defendant occupied them.

The only expert examined on the trial was, an inspector of buildings, in the department for the survey and inspection of buildings, and he testified to the damage that had been done, and which, in his opinion, rendered the building unsafe, and caused him so to report it.

But on cross-examination he said, that he did not ex-

actly recollect when that was, and that it might have been a day or two before September, and it may have been as late as October.

Now, as the defendant moved into the premises on the 14th day of September, and left within twenty-four hours after entering the same, we think, this testimony will not bring him within the purview of the statute.

If the house was unfit for occupation before the defendant moved in, then it seems clear, that it is not a case within the act, and if it became so after he left, then we say it is equally without the statute, because *non constat*, but what the blast-ing might have been discontinued, or conducted in a more careful manner, if defendant had remained in the house in accordance with the terms of his agreement.

The plaintiff distinctly testified, that an injunction had been obtained to stop the blasting, but as there was no one in the house, she knew of no reason why it should not con-tinue.

Nor do we think that, the defendant can relieve himself from liability to pay this rent, on the ground, that he took the house on the condition that the blasting should cease be-fore the time when he was to take possession.

It is true, he so testified, but the plaintiff's positive test-mony, that the defendant never made that a condition of his taking the house, contradicted this; although she admitted that she told him that there would be no more blasting after he took possession.

The court below, having upon this conflict of evidence found, that the cessation of the blasting was not a condition precedent to the existence of the relation of landlord and tenant, that finding is conclusive, and will not be disturbed by us. It follows, that the promise of the plaintiff that there would be no more blasting after defendant took possession, only amounted to a simple contract or covenant, for a breach of which she would have been liable to him in damages.

With regard to the carpeting, it may be said that, although

the agreement respecting the sale thereof appears to have been made with defendant's wife still the plaintiff testified, that she believed that the defendant himself was present at the time. Besides, the defendant, in his answer, admits that he agreed to purchase them if he took the house, and it came out in his own testimony, that when he moved his furniture away, he took these carpets with him. True, he says, he did not intend to take them, but it nowhere appears that they were ever returned, and we, therefore, think, the defendant should be held liable for the price of them.

The judgment should be affirmed.

DALY, Ch. J., and LARREMORE, J., concurred.